## BETHIA G. BAGNALL *vs.* AMITY B. DAVIES.

Suffolk.    Nov. 21, 1884. — Sept. 3, 1885.    FIELD & COLBURN, JJ., absent.

A deed of land contained the restriction that no building should be erected thereon " within twenty feet of C. Street." The grantee built a house on the land, facing towards C. Street, the front wall of which was twenty feet from that street. A part of the roof, which sloped towards the street, was extended to within less than fourteen feet of it, covering a piazza, and supported by posts six feet from the front wall of the house. In this part of the roof there was a dormer window, by which a room in the second story was extended to within seventeen feet of the street. *Held*, that so much of the roof and of the dormer window as was nearer the street than the front line of the building was an extension of the building, and within the restriction in the deed.

BILL IN EQUITY, filed August 22, 1883, to restrain the erection of a building in violation of the provisions of a deed, and to compel its removal or alteration. The case was heard, and reserved for the consideration of the full court, by *Devens, J.,* upon the following agreed facts:

In 1872, the plaintiff was the owner of a large lot of land in that part of Boston formerly Roxbury, and bounded in part by Clifford Street, Warren Street, and Woodbine Street.

Previously to August 22, 1872, the plaintiff caused this land to be laid out in lots, and on said day conveyed the whole, with the exception of lot No. 17, to one George E. Learnard, by a deed which was duly recorded, and which contained the following provision: " This deed is given with a restriction that no building shall, within twenty years after the date of this deed,

be erected upon any portion of the lots numbered 15 and 16 on said plan, within twenty-eight feet of said Clifford Street, and the same restriction shall apply to lot 17 on said plan ; and also upon the restriction that within said twenty years no building shall be erected upon lot numbered 18 on said plan, within twenty feet of said Clifford Street." The plaintiff's husband joined as a grantor in this deed.

Lot No. 17 on the plan, which was excepted from this conveyance, is still owned by the plaintiff, who has built a dwelling-house thereon, no part of which is within twenty-eight feet of Clifford Street.

Lot No. 18 on said plan was conveyed by Learnard, subject to said restriction, to Erastus B. Badger, who conveyed it to the defendant by deed dated September 16, 1882, duly recorded, and which contained, among other provisions, the following: " Said premises are conveyed subject to the restriction that no building shall be erected on this lot within twenty feet of said Clifford Street, within twenty years from August 22, 1872, as mentioned in said deed of Bagnall and wife to Learnard, recorded in lib. 1122, fol. 161."

Said provisions were inserted in said deeds by the grantors to establish a general plan of building upon said lots for the general improvement of the neighborhood, and the benefit of the purchasers of said lots who should derive title to the lots through the plaintiff, and for the benefit of the lot appurtenant to her dwelling-house.

At the time of the filing of this bill, the defendant was erecting a dwelling-house upon lot No. 18, which she has since completed. The front foundation wall of the defendant's house, and the clapboarding of the house from the ground to the roof, are twenty feet, and no more, from said Clifford Street. In front of the house is a piazza, the front line of which is fourteen feet from Clifford Street. This piazza is covered by a continuation of the roof of the building, which extends to within less than fourteen feet of the street. In the roof is a projecting dormer window, by means of which a portion of a room in the second story, seven feet and a quarter wide, out of which this window opens, is carried to a point seventeen feet from Clifford Street. The posts which support the projecting portion of the second

story are six inches in diameter, and are supported by brick piers resting on the ground.

It is admitted, if evidence thereof be competent, that the houses on Clifford Street, and most of the houses in the vicinity of the defendant's house, are wooden houses, and that the projections from the defendant's house are such as are usually found upon houses in this vicinity.

*H. Wheeler*, for the plaintiff.

*C. W. Turner*, for the defendant.

W. ALLEN, J.   It is admitted that the plaintiff has a right to enforce the restriction in the defendant's deed, that no building shall be erected on her lot within twenty feet of Clifford Street. The only question is whether the defendant's house is within twenty feet of the street.

The front of the house is toward Clifford Street, and the front wall is twenty feet from the street.   A part of the roof, which slopes toward the street, is extended to within less than fourteen feet of it, covering a piazza and supported by posts six feet from the front wall of the house.   In this part of the roof is a dormer window, by which a room in the second story is extended to within seventeen feet of the street.   We think that these portions of the roof and of the dormer window which extend beyond the front wall towards the street are extensions of the building, and a part of it within twenty feet of the street, within the meaning of the restriction.   See *Sanborn* v. *Rice*, 129 Mass. 387; *Manners* v. *Johnson*, 1 Ch. D. 673.

*Decree for the plaintiff.*