JOHN L. REARDON vs. MINNIE J. MURPHY.

Suffolk.    March 6, 1895. — May 24, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Restriction in Deed — Piazza — Building.*

A piazza, covered by its own roof, and attached to the front of a house the front line of which is twenty feet from the street, is a " building" within the terms of a restriction that "no building . . . shall be placed at a less distance than twenty feet from " the street.

LATHROP, J.    This is a bill in equity to enforce a restriction contained in a deed of land, conveyed by the plaintiff to the defendant.   A decree was entered for the plaintiff by a single justice of this court, and the case comes before us on report. The words of the restriction are as follows:  " No building erected on said premises shall be placed at a less distance than twenty feet from said easterly line of Parsons Street."

The front line of the main body of the house was twenty feet from the street.   Attached to the house, and extending along the entire front, was a piazza about eight feet wide, encircled by a railing, and having a roof supported by posts.   The whole of the piazza was within the restricted space.

The question is, Was the piazza a " building" within the terms of the restriction?   We have no doubt that it was, and that the plaintiff was entitled to the relief granted by the single justice.

In *Attorney General* v. *Gardiner*, 117 Mass. 492, a structure three feet high, erected within a restricted space for coal bins, while considered as no part of the defendant's house, was held to be of itself a building.   The same has been held as to a pavilion.  *Buck* v. *Adams*, 18 Stew. 552.   See also *Blakemore* v. *Stanley*, 159 Mass. 6.

Bay windows are undoubtedly part of a house, and cannot extend over restricted ground.  *Sanborn* v. *Rice*, 129 Mass. 387, 397.  *Payson* v. *Burnham*, 141 Mass. 547.  *Manners* v. *Johnson*, 1 Ch. D. 673.

In *Bagnall* v. *Davis*, 140 Mass. 76, the restriction was that no building shall be erected within twenty feet of a certain street. The front line of the defendant's house was twenty feet from the street. In front of this was a piazza, the front line of which was fourteen feet from the street. The piazza was covered by a continuation of the roof of the building, which extended to within less than fourteen feet of the street. In the roof was a projecting dormer window, by means of which a portion of a room in the second story, seven feet and a quarter wide, out of which this window opened, was carried to a point seventeen feet from the street. The posts which supported the projecting portion of the second story were six inches in diameter, and supported by brick piers resting on the ground. The defendant in the case at bar contends that the court in *Bagnall* v. *Davis* did not order the piazza disturbed. But while the opinion does not state in terms that the posts were within the restriction, it does say that the " portions of the roof and of the dormer window which extend beyond the front wall towards the street are extensions of the building, and a part of it within twenty feet of the street, within the meaning of the restriction." The roof of the piazza was certainly disturbed, and we cannot suppose that the court intended that the posts and their foundations, so far as they were above ground, were not within the restriction.

We can see no ground for a distinction between a piazza covered by an extension of the main roof of a house, and one covered by its own roof and attached to the house ; and we consider the case of *Bagnall* v. *Davis* as decisive of the case at bar.

The doctrine of *Brande* v. *Grace*, 154 Mass. 210, and *Lynch* v. *Union Institution for Savings*, 159 Mass. 306, does not apply.

*Decree affirmed.*

*S. L. Whipple & R. W. Frost*, for the defendant.
*R. S. Gorham*, for the plaintiff.