Hillsborough, }
  Dec., 1897. }

## LOVELL v. NOYES.

69   263
e72 ·  95,
e72    96|

Where a building is erected for the purpose of annoying the owner or oc-
cupant of adjoining premises, he cannot maintain an action therefor, under
P. S., c. 143, s. 29.

CASE, for building and maintaining a structure in the nature
of a fence for the purpose of annoying the plaintiff. Verdict for
the plaintiff. The structure complained of is a building thirty-
two feet long by ten feet wide, and next to the plaintiff's land
fifteen feet high and on the opposite side nine feet high, having
a roof sloping from the higher to the lower side. It is entirely
upon the defendant's land, but obstructs the view and shuts out
the sunlight from the plaintiff's house. It is not clapboarded
or painted. It has a door (opposite the plaintiff's house) and
a floor, and is used by the defendant for the storage of a sleigh
and other articles. There was evidence tending to show that it
was erected for the sole purpose of annoying the plaintiff. Sub-
ject to the defendant's exception, his motion for a nonsuit was
denied.

*Henry B. Atherton*, for the plaintiff.

*George B. French*, for the defendant.

CARPENTER, C. J. " Any fence or other structure in the na-
ture of a fence, unnecessarily exceeding five feet in height, erected
or maintained for the purpose of annoying the owners or occu-
pants of adjoining property, shall be deemed a private nuisance.
Any owner or occupant injured either in his comfort or the en-
joyment of his estate by such nuisance, may have an action of
tort for the damage sustained thereby." P. S., c. 143, ss. 28, 29.
The structure here referred to is one designed to take the place
of a fence in the ordinary meaning of the term, — a structure
erected upon or near the dividing line between adjoining own-
ers for the purpose of separating the occupancy of their lands.
Such a structure need not be more than four feet in height to
be sufficient for its purposes. P. S., c. 143, s. 5. An unneces-
sary addition to the height is of no beneficial use to the builder.
The statute was designed to prevent an act the sole effect of
which would be to annoy or injure another. A building,
whether it be a dwelling-house, warehouse, stable, or shed for the
storage of carriages, etc., must be more than five feet in height to
be of utility. It is unnecessary to determine whether the legis-

lature has the power to prohibit the owner of land from erecting houses or other buildings on his land with the malicious intent of injuring another by the obstruction of air and light. It is sufficient for this case that it does not appear that the legislature attempted such a prohibition in the statute under consideration.

*Plaintiff nonsuit.*

PIKE, J., did not sit: the others concurred.