AMY H. WILSON ET AL. v. THE PENNSYLVANIA RAIL-ROAD COMPANY.

Argued February 28, 1899—Decided June 12, 1899.

The plaintiff was struck by a wagon belonging to the Adams Express Company, driven by a person employed by the Pennsylvania Railroad Company to carry the United States mail, which was, in fact, in the wagon, but which previously had been carried on foot or in a push-cart. *Held*, that as there was no proof that the defendant had authorized its servant to use a wagon, the plaintiff should have been nonsuited.

On rule to show cause.

Before MAGIE, CHIEF JUSTICE, and Justices GARRISON, LIPPINCOTT and COLLINS.

For the plaintiff, *John T. Dunn.*

For the defendant, *Alan H. Strong.*

The opinion of the court was delivered by

GARRISON, J.   At the trial of this cause the only thing that stood between the plaintiff and a nonsuit was the impression of the court that there was some evidence that the plaintiff had driven the wagon with the mail bags in it upon previous occasions.   He was mistaken.   There is no such evidence.   What misled the court were the following questions and answers :

"*Q*. What did you see him doing?

"*A*. Carrying the mail.

"*Q*. From where?

"*A*. The Pennsylvania railroad.

"*Q*. In a wagon or on foot?

"*A*. On foot; sometimes he would have a little wagon."

If the examination of this witness had stopped here the court might have been justified in leaving the question to the jury; but farther on the witness was asked :

"*Q*. Did you ever see him driving the mail in a wagon?

"*A*. I did.

"*Q*. How often?

"*A*. I seen him that morning—the morning of the accident.

"*Q*. Before that?

"*A*. Well, he used to go up and down with a push-cart with the mail.

"*Q*. How often had you seen him with anything but a push-cart?

"*A*. Not to my knowledge—only the morning of the accident."

In this state of the evidence the case of the plaintiff was that Mrs. Wilson had been injured by a wagon belonging to the Adams Express Company, driven by one Fitzpatrick, who was, at the time, as the servant of the defendant, carrying the United States mail, which previously to this occasion he had carried either on foot or in a push-cart.   There is nothing to show that the defendant furnished the wagon, or authorized or even knew of its use.   Even if it be considered that it was

an even question whether the defendant authorized its servant to use the wagon or whether he did it of his own accord, the plaintiff cannot recover; for when the testimony is evenly balanced there is no preponderance in favor of the plaintiff.

This state of affairs was not cured by the defendant's case, for its testimony was that the servant was provided with a push-cart and instructed to use it when the mail was not light enough to be carried.

The same misconception of the evidence entered into the final submission of the case to the jury in that it was submitted upon a point with respect to which there was no testimony in support of the plaintiff's contention.

The rule to show cause is made absolute.