Keeler, J.
The plaintiff is the owner of sub-lot 201 in the allotment of the Clifton Pai’k Land & Improvement Company, known as *498 “Clifton Park.” The lot fronts sixty feet on the easterly line of Clifton road.
The defendant, Sarab Walther, is the owner of sub-lot 202 of said allotment, immediately north of plaintiff’s lot and of like frontage.
In the deed of both the plaintiff and defendant, in fact running with all the lots on said Clifton road, there is the following restriction:
“That no house shall be erected on said premises which shall cost less than $2,500 or any line of which shall be located nearer than forty feet to the street or avenue on which the same fronts, or nearer than ten feet to either of the side lines of said lot.”
On her lot the defendant is about to construct a dwelling-house, the front wall of which is to be at a distance of forty feet from the street line of said Clifton road, and in addition thereto, across the front of said house, she is about- to build a porch. ■one story in height, with the usual porch railings and roof, projecting oirt ten feet. These facts are all admitted by the parties to be substantially true, and this action is brought to enjoin the construction of defendant’s house as thus contemplated and planned. There is no contention as to the location of the east and west line of the house. The question submitted for decision grows out of the proposed construction of the porch, and is whether such a structure is contemplated by the restrictions in the deed.
What is a house? In a general sense it is a building intended or used as a habitation or shelter, but appropriately it is a 1-milding- or edifice for the habitation of man, a dwelling place, mansion or abode of the human species; and a building is an erection designed among other things for the habitation of man or for the shelter of property. 112 Ind., 378; 15 Ency. of Law, 278; 4 Ency. of Law, 994.
The word “house” as found in the restriction clause of all these deeds evidently means a place of abode or shelter, a structure designed for human habitation. It is synonymous with abode, building, cabin, cottage, dwelling, dwelling-place or edifice, and the purpose, of the restriction was to secure the general *499 beauty and symmetry of tbe street, and preserve to eaeb inhabitant thereof light, air and view.
A porch is used by the family almost as much as any part of the house, especially in the summer time, and it has its uses during all the seasons of the year. Is it a part of the house within the meaning of the restrictive covenant in the deed?
In a case reported in 129 Mass., 387, there was a covenant that the front line of the building should be fifteen feet from the street on which the building stood. In front of the building', the owner proceeded to erect an addition eight feet wide, four feet from the ground and three feet toward the street. The court held that there was a violation of the restriction and said: ‘ ‘ The addition is in substance and effect a removal of the front line of the house nearer than the deed permits. ’ ’
In another case reported in 140 Mass., 76, there was a restriction that no building should be erected within twenty feet of C street, the front wall of which was twenty feet from the street.. A part of the roof sloping toward the street covered the piazza and was supported by posts six feet from the front wall. The court says:
“The only question is whether the defendant’s house is within twenty feet of the street. We think that those portions pf the roof which extend beyond the front wall toward the street are extensions of the building — within the meaning of the restriction. ’ ’
In 168 Pa. St., 178-181, the plaintiff sought an injunction on substantially the same grounds as here. The defendant’s admissions were substantially the same as here. Pie had built the front line of his house within the restriction, but was about to add a porch' in front, open at the sides, and on a brick foundation. .The restriction was fifteen feet. The front line of the porch would be seven feet from the fence. The court said:
“A porch is an integral part of a building within the meaning of the restriction, notwithstanding the. fact that it is open at the sides and the front,” and in the body of the opinion, “if it can occupy eight feet of the reserved space it could as well occupy the whole space and thereby destroy the uniform general effect meant to be secured. ”
*500 If the plaintiff in this ease could build a porch ten feet wide as she contemplates doing, she could build one fifteen or twenty feet wide, or indeed build out over the entire space, and it is no answer to say that such a thing would not be done for personal reasons. True, she would not, but some future holder might, and the object of the covenant is to prevent the possibility of such a thing, especially so long as the street is used for strictly residential purposes. To hold otherwise would be subversive of the purpose of the restriction entirely. Should future conditions arise, as for instance should the street be used for commercial as well as residential purposes, the restriction might be determined to be inequitable. But that condition has not yet arisen, and in all probability will not arise for many years to come.
On this branch of the case, therefore, I hold that the porch, being a substantial part of the house or building, if constructed as planned, would seriously interfere with the use of plaintiff’s premises as contemplated by her deed, and be a violation of the restrictions under which she erected her own house, as well as the restrictions under which defendant purchased her lot.
The defendant says further, by way of defense, that plaintiff ought not now to be heard to complain for the reason that the McKinstry house, one hundred and ten feet north on the same side of the street, was built in violation of the same restriction, with plaintiff’s knowledge and without protest or objection from her, and while she was yet living in her present home.
That the McKinstry house does violate the restriction there is no doubt, for it stands about thirty-two feet from Clifton road. But as to whether its construction was willfully and knowingly permitted by plaintiff, there may be ground for differences of opinion. Assuming this allegation of defendant to be true, I am still inclined to think, under the circumstances of this case, the plaintiff is entitled to the relief asked for.
It will be remembered that Clifton road curves gracefully to the right as it runs north from plaintiff’s house, which fact alone places the McKinstry house, built, though it is, nearer the street than the restriction permits, in such a position as not to seriously interfere with plaintiff’s view, and because of its remoteness -it *501 does not in any way interfere with her light and comfort. Her enjoyment of her property is not substantially interfered with, whereas it would be by the proposed construction of defendant’s porch. A considerable portion of plaintiff’s view to the north over a beautiful section of the park toward Lake Erie would be obstructed.
Walter C. Ortg and D. M. Bader, for plaintiff.
Burton & Bake, for defendants.
Some years ago Mr. A. C. Caskey of this city sought to enjoin the construction of a building which would materially affect the use of his own property, and was sustained, although the evidence showed that he had submitted to other remote encroachments upon the restrictions. The Supreme Court says of that case:
“Most of the violations of the covenant are upon portions of the street remote from Caskey. There appears to be neither reason nor authority for the' conclusion that the plaintiff’s submission to such encroachments upon the space devoted to light and air and view as did not substantially affect the enjoyment of his property, should operate as a waiver of his right to object to other encroachments by which such enjoyment would be materially impaired.” 62 O. S., opinion, 426.
The distance between plaintiff’s and defendant’s houses is about twenty-five feet; between plaintiff’s and the McKinstry house one hundred and ten feet, and the street is curved. The application of the above proposition seems to me to be obvious.
It is claimed further by defendant that to be required to build her house as urged by plaintiff, she will be placed back behind both the plaintiff’s and the McKinstry houses, in a pocket as it were. I do not regard this contention as serious. There will be no very substantial interference with her view to the north, and as for her view to the south, it will be such as she must be held to have contemplated when she purchased the lot. She knew full well of the restrictions in all the deeds and all the surrounding conditions when she concluded to locate her house there.
Motion for judgment for plaintiff on the pleadings is granted and the injunction is made permanent.