[No. 8127.   Department Two.   January 8, 1910.]

# WILLIAM G. JONES et al., Respondents, v. BERT R. WILLIAMS, Appellant.[1]

ADJOINING LAND OWNERS — BUILDING RESTRICTIONS — CONSTRUC-TION—DEEDS—CONDITIONS. The erection of a garage and storeroom on the street line of a lot is not a violation of a building restric-tion forbidding the erection of a "flat building or tenement house on said premises" or "any residence or other dwelling house . . . . nearer to the street line" than certain specified dwellings on ad-joining property; such restrictions being construed strictly against the grantor and not extended beyond the clear meaning of the words used.

ADJOINING LAND OWNERS—MALICIOUS STRUCTURES—INJUNCTION—STATUTES—CONSTRUCTION. Bal. Code, § 5433, authorizing an injunc-tion to restrain the malicious erection of any structure intended to spite, injure or annoy an adjoining proprietor, must be strictly construed in order to avoid the violation of property rights, and therefore does not apply to a building described in the complaint as a "public garage plant" which evidently enhances the value and enjoyment of the land and is not a nuisance, regardless of the motives of the owner and his intent to annoy his neighbor.

Appeal from a judgment of the superior court for King county, Morris, J., entered January 9, 1909, in favor of the plaintiff, upon overruling demurrers to the complaint, in an action to enjoin the erection of a garage upon certain prem-ises.   Reversed.

*Howard Waterman*, for appellant.

*Chauncey L. Baxter* and *John R. Wilson*, for respondents.

PARKER, J.—This cause comes to this court upon the ques-tion of the sufficiency of the plaintiffs' amended complaint, as against demurrers to the two causes of action therein set forth.  The demurrers were interposed by defendant upon the ground that the facts pleaded did not constitute a cause of action, and being by the court overruled, the defendant elected to stand thereon, when judgment was rendered against

[1]Reported in 106 Pac. 166.

him, as prayed for, from which he appeals to this court.. The amended complaint, omitting formal parts, is as follows:

"The above named plaintiffs, for cause of action against said defendant and for an amended complaint herein, allege:.

"(1)   That plaintiffs are now and for some years last past have been the owners in fee and possessed of certain premises with a dwelling house thereon in the City of Seattle, county of King, and state of Washington, and more particularly described as Lot ten (10), in Block ten (10), of the Supplemental Addition to Frank Pontius' Addition to the City of Seattle.

"(2)   That defendant now is and at all the times hereinafter mentioned was the owner and possessed of certain premises adjoining that of plaintiffs on the north, which said; premises is particularly described at Lot eleven (11), in Block ten (10), of the Supplemental Addition to Frank Pontius' Addition to the city of Seattle, King county, Washington. .

"(3)   That on or about October 4th, 1906, one W. E.. Starr and wife deeded said last named property to one Mary C. Finch, prior to the purchase of same by the defendant herein; that said deed from said Starr and wife to said' Finch contained the following restriction clause: 'Said second party, her heirs and assigns for the space of ten (10) years hereafter, is not to erect any flat building or tenement house on said premises, nor shall there be any residence or· other dwelling house erected on said premises nearer to the street line than on a line with the two residences now on either side of said lot.' That defendant acquired said premises, with full knowledge of the existence of said restrictive· clause; that said restriction clause is a covenant running· with the land and it was thereby intended that no building· should be erected on said premises closer to the street line· than on a line with said two residences.

"(4)   That defendant has applied for and received a permit to erect on said premises a garage and store room at a. cost of $700, and before the commencement of this action· had laid the foundation of same; that said building when·· completed would extend within a few feet of the sidewalk line and would project out some fifteen or twenty feet be--

yond an imaginary line running from the front of said residence on either side of said lot.

"And for a second cause of action plaintiffs allege:

"(1)   Plaintiffs hereby adopt and make a part hereof paragraphs one and two as set forth in their first cause of action.

"(2)   That the defendant is proceeding to build, erect and construct a public garage plant on the south half of his said lot which is next to and adjoining plaintiff's said lot; that the representations and claims made by defendant that said structure is to be used as a garage either public or private, is without foundation in fact; that said garage when completed will be a frail, loosely constructed frame structure 27 feet wide and about 15 feet high and about 15 feet above street level and will be supported by sills and posts of small dimensions entirely inadequate for the support of a building intended to be used as a garage; that said structure will extend nearly the entire distance east and west along the south line of defendant's lot and to within a few feet of plaintiff's residence and will entirely obstruct plaintiff's light and air on the north and is and will be a great damage to plaintiff and a hindrance and obstruction to the enjoyment of their said property; that said structure has been and is being erected and maintained by the defendant maliciously with intent to spite, injure and annoy the plaintiffs, who are adjoining property owners as aforesaid.

"(3)   That by reason of the premises, plaintiffs have no full, complete and adequate remedy at law.

"Wherefore, plaintiffs pray that a mandatory injunction issue compelling the said defendant to refrain from erecting or causing to be erected a garage, or other building such as defendant is attempting to erect thereon; that a mandatory injunction issue to compel the removal of said portion of said building now erected thereon; that plaintiffs recover their costs in this action and for such other and further relief as to the court shall seem just and proper."

The only question presented in the brief of counsel upon the demurrer to the first cause of action is as to the sufficiency of the allegations thereof to show a violation or threatened violation of the building restrictions contained in the deed by which appellant holds his lot.  By these re-

strictions it will be noticed appellant, "is not to erect any *flat building or tenement house* on said premises, nor shall there be any *residence or other dwelling house* erected on said premises nearer to the street line than on a line with the two residences now on either side of said lot." Learned counsel for the respondents contend that the "garage and store room" which they allege appellant is proceeding to construct is in violation of this restriction. It is plain that the building of such a structure on the premises would not be a violation of the building restrictions in the deed unless it can be said such structure is included within the terms, "flat building," "tenement house," "residence," or "dwelling house." It also seems plain that none of these terms as ordinarily understood includes "garage" or "store room." But learned counsel for respondents contend that, "The clear intention of the parties to the original deed containing the restriction, was that there should be no building erected on said premises nearer the street line, than on a line with two residences then on either side of said lot." If this be the intention of the parties to the deed containing the restriction, it is difficult to understand why they did not make such intention plain by using some simple comprehensive term such as "no building" instead of specifically enumerating certain buildings by names, having well recognized meaning, and stopping there. The painstaking effort to particularize is very suggestive of an intent to exclude all other structures from the language of the restrictions. It seems to be well settled law that words in a deed of conveyance restricting the use of the property by the grantee are to be construed strictly against the grantor and those claiming the benefit of such restrictions, and will not be extended beyond the clear meaning of the language so used.

In the case of *Hutchinson v. Ulrich*, 145 Ill. 336, 34 N. E. 556, 21 L. R. A. 391, the court said:

"It is insisted by the complainants that the words in the deed from Hutchinson to Parrish, 'only a single dwelling,'

mean a dwelling house to be occupied by a single family. On
the other hand, defendants claim that the words used in the
deed mean only one dwelling house, which may be used by one
family or more. The question, therefore, to be determined is
one of construction, pure and simple; in other words, what the
contracting parties intended by the use of the words cor-
porated in the deed. Where real property is conveyed in
fee, restrictions in the use are not favored; but where the
intention of the parties is clear in the creation of restrictions
or limitations upon the use of a grantee, courts will enforce
the same. But, as is said in *Eckhart v. Irons*, 128 Ill. 582:
'If there is any doubt whether the restrictions were to cease
then (at the end of fifteen years), or whether they were to
be permanent, the existence of the doubt is to deny the
existence of the easement or privilege. All doubts must be
resolved in favor of natural rights and against restrictions
thereon.' In this country, real estate is an article of com-
merce. The uses to which it should be devoted are constantly
changing as the business of the country increases, and as
its new wants are developed. Hence it is contrary to the
well-recognized business policy of the country to tie up real
estate where the fee is conveyed with restrictions and prohi-
bitions as to its use, and hence, in the construction of deeds
containing restrictions and prohibitions as to the use of the
property by a grantee, all doubts should, as a general rule,
be resolved in favor of a free use of property, and against
restrictions."

See, also, 13 Cyc. 687, 715; *In re Welsh*, 175 Mass. 68, 55 N.
E. 1043; *American Unitarian Ass'n. v. Minot*, 185 Mass.
589, 71 N. E. 551; *James v. Irwine*, 141 Mich. 376, 104 N.
W. 631; *Hays v. St. Paul Methodist Episcopal Church*, 196
Ill. 633, 63 N. E. 1040; *McMurtry v. Phillips Investment Co.*,
103 Ky. 308, 45 S. W. 96, 40 L. R. A. 489; *Carr v. Riley*,
198 Mass. 70, 84 N. E. 426.

We are of the opinion that the words of restriction here
involved cannot be held to include "garage and store room,"
and therefore no cause for relief is stated in the first cause
of action. We rest our decision upon the grounds above
stated, since no others are urged, and express no opinion
upon the question of the right of the respondents to main-

tain their first cause of action simply because they are adjoining owners, which seems to be the only basis of their right to claim the benefit of the restrictions in the deed under which their neighbor holds his lot. By what other right they claim the benefit of such restrictions does not appear in this complaint.

The second cause of action is sought to be maintained under the provisions of § 5433 of Bal. Code, which is as follows:

"An injunction may be granted to restrain the malicious erection, by any owner or lessee of land, of any structure intended to spite, injure, or annoy an adjoining proprietor. And where any owner or lessee of land has maliciously erected such a structure with such intent, a mandatory injunction will lie to compel its abatement and removal."

It is alleged that the appellant is proceeding to construct "a public garage plant" (evidently the same structure mentioned in the first cause of action), describing it briefly, but in such manner as to render it evident that the structure will in some measure enhance the value, usefulness, and enjoyment of the land. The question then is, Does this statute prohibit the erection of such a structure by the owner upon his own land when its construction is accompanied by the intent to annoy his neighbor?

In the case of *Karasek v. Peier*, 22 Wash. 419, 61 Pac. 33, 50 L. R. A. 345, this court, in an exhaustive opinion by Judge Anders, critically examined this statute with a view to determining its constitutionality, and in doing so it became necessary to construe its language with a view of determining whether or not it violated property rights guaranteed by the constitution, and while it was there held to be constitutional, the strict construction of its terms was all that saved it from that attack. On page 428 the court said:

"If it was the intention of the legislature to prohibit the erection of such structures, we are clearly of the opinion

that the statute is, to that extent at least, unconstitutional, for the reason that to prohibit such a use. of real estate would, in effect, deprive the owner of his property without due process of law and compensation. But, inasmuch as it must have been well known to the legislature that useful and valuable structures, such as houses, are rarely or never erected merely to annoy or injure an adjoining owner, we feel justified in holding that it was not the intention to prohibit the erection of such structures as really enhance the value, usefulness, or enjoyment of land, but such only as are primarily or solely intended to injure or annoy an adjoining owner, and which serve no really useful and reasonable purposes."

When an owner is proceeding to construct a building upon his land which in some measure enhances the value, usefulness, and enjoyment of the land, and the same is not a nuisance, as the allegations of this complaint fairly construed show, his motives cannot be assigned as a legal reason for preventing such construction. 29 Cyc. 1154; Joyce, Law of Nuisances, 43; 2 Wood, Nuisances (3d ed.), § 818; *Kuzniak v. Kozminski*, 107 Mich. 444, 65 N. W. 275, 61 Am. St. 344; *Falloon v. Schilling*, 29 Kan. 292, 44 Am. Rep. 642; *Lovell v. Noyes*, 69 N. H. 263, 46 Atl. 25; *Metzger v. Hochrein*, 107 Wis. 267, 83 N. W. 308, 81 Am. St. 841, 50 L. R. A. 305.

We are of the opinion that the allegations of this complaint fail to show a legal cause for the prevention, or for the removal, of the structure which it is alleged appellant is erecting upon his lot. We conclude that the overruling of the demurrers to the amended complaint, and the rendering of judgment against appellant by the learned trial court was erroneous. Its action in that regard is therefore reversed, and the cause is remanded with instructions to sustain the demurrers.

RUDKIN, C. J., MOUNT, CROW, and DUNBAR, JJ., concur.