(101 So. 662)

## COOK v. D. H. MELLOWN & CO. et al.
## (2 Div. 850.)

(Supreme Court of Alabama. Oct. 23, 1924.)

**Master and servant ⬅302(2)—Truck driver held not acting within scope of employment.**

One hired to drive wagon and deliver groceries *held* not acting within scope of employment while driving motor truck which he took without employer's knowledge or consent.

Appeal from Circuit Court, Sumter County; John McKinley, Judge.

Action for damages by J. H. Cook against D. H. Mellown & Co. and others. Judgment for defendants, and plaintiff appeals. Transferred from Court of Appeals under section 6, page 449, Acts 1911. Affirmed.

George O. Miller, of Livingston, and Patton & Patton, of Carrollton, for appellant.

The driver of the truck was acting within the line and scope of his employment when the dog was killed, and the defendant is liable. Sou. Ry. v. Wildman, 119 Ala. 565, 24 So. 764; Jones v. Strickland, 201 Ala. 140, 77 So. 562.

John W. Altman, of Birmingham, and J. R. McDaniel, of York, for appellees.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The act of driving the truck was that of the driver, and not the act of the defendant. Steele v. May, 135 Ala. 483, 33 So. 32; Sloss Co. v. Bibb, 164 Ala. 62, 51 So. 347; 26 Cyc. 1518.

BOULDIN, J. This is an action for damages for the negligent killing plaintiff's bird dog. Plaintiff's evidence tended to show: His dog was run over and killed by a motor truck, the property of defendants, while being operated by their employee on a public street of the town of York, and that such killing was the result of negligence.

Defendants' evidence tended to show: Charlie Simmons was hired to drive a wagon and deliver groceries to defendants' customers, and haul ice to defendants' store. He had been employed in this service two years or more. Defendants acquired a motor truck a few months before the accident. It was put in charge of Mr. Johnson as driver. At times this truck was used in delivering groceries, Mr. Johnson driving, and Simmons going with the truck to deliver packages. Simmons wished to drive the truck, and defendants denied his request. On a previous occasion he took out the truck without the knowledge or consent of defendants, who then instructed him not to drive it again. On the day of the accident Simmons got the key to the truck, where it was kept in the store, loaded up groceries, and proceeded to drive it in the delivery business, and while so engaged ran over plaintiff's dog. Defendants did not authorize him to drive the truck at any time, and had no knowledge of his so doing until afterwards. He was furnished a wagon for his use. The question is: Was the delivery boy, Charlie Simmons, acting within the line or scope of employment when he killed plaintiff's dog?

Appellant's view is that, being employed to deliver groceries by vehicle, his negligent act while driving on the street in that business was within the scope of his employment. Appellees' view is that driving the truck was without authority, and therefore injury resulting from his negligence in such driving was without the scope of his employment.

A clear-cut issue on the doctrine of respondeat superior is presented. We think this doctrine cannot be extended to the case here presented. The liability of the master for the torts of his servant is grounded to a degree upon public policy. What one does by another he does himself. In committing his work to the hands of another as his agent he owes it to third persons that the work shall be so done as not to negligently injure them. If the servant, in the prosecution of the work he is given to do, negligently, or even willfully, injures another, the master is liable.

This places a duty upon the master to the servant to furnish him suitable implements or appliances for the work; and a like duty to third persons not to put dangerous machinery in unskilled hands. These duties must carry corresponding rights to the employer. He must have the right to select appliances suited to each employee and his work. In employing a delivery boy he should not be required to see that he is a competent chauffeur. If the servant is furnished appliances suitable to his skill and his job, and without the knowledge of his employer he take other and dangerous ones which he has no authority to take, and thereby injures another, the injury cannot be referred to the employment in which he is engaged. Making use of such dangerous agency is without the scope of employment. Here plaintiff's injury was suffered not by reason of Simmons being engaged in delivering groceries over the streets of York, but by his driving a motor truck, a dangerous machine on a public street in unskilled or careless hands. Driving a truck was without the scope of his employment. Wilson v. Penn. R. R. Co., 63 N. J. Law, 385, 43 A. 894; Stretton v. Toronto, 13 Ont. 139. Acquiescence in the use of a machine well adapted to the purpose, one alluring to the employee, might readily raise an implied consent to its use. The rulings here do not deal with that feature. Defendants' evidence tended to disprove it, and it was for the jury. The oral instructions complained of were in line with the foregoing principles. The refused charges were not in harmony therewith. Moreover, they invade the province of the jury on the issue of negligence vel non.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.