## Capita v. Grace Evangelical Lutheran Church

*John M. Kuchka,* for plaintiffs.
*Franklin E. Kepner,* for defendant.

MYERS, P.J., May 4, 1973.—This is an action in equity brought by plaintiffs seeking to enjoin the defendant from constructing a building or edifice in alleged violation of a written agreement executed by the parties which provided for certain building setback restrictions. After hearing held in open court and a full inquiry into the facts, the Court makes the following:

### FINDINGS OF FACT

(1) Plaintiffs and defendant are owners of adjoining lots in the D. A. Michael Addition in the Borough of

Berwick, Columbia County, Pa., all of which front on Fairview Avenue in said borough.

(2) All of said lots were subdivided and conveyed by D. A. Michael and all of the deeds to the parties hereto contain a provision that no building should be erected on any lot within 24 feet of Fairview Avenue.

(3) On May 24, 1961, the parties hereto entered into a written agreement, in which the aforesaid building setback restriction was modified as follows:

*"No building or buildings, or any portion thereof, should be erected on any of the parties' lots nearer than sixteen feet to Fairview Avenue."*

(4) That sometime in 1971, defendant church decided to erect an addition to the church premises in the form of a patio structure, a portion of which would extend beyond the aforesaid 16-foot building setback restriction.

(5) That discussions and negotiations among the parties hereto followed in an attempt to settle the problem amicably, but no agreement was reached.


## DISCUSSION

Plaintiffs filed an action in equity to enjoin defendant church from erecting an addition to the church premises in alleged violation of the written agreement executed by the parties on May 24, 1961, which agreement provided that no building, or any portion thereof, should be erected by any of the parties on any of the lots nearer than 16-feet from Fairview Avenue.

The structure in the process of construction by defendant church included supporting columns, a roof and certain grill work on the south side toward Fairview Avenue, which grill work was intended to protect children who may utilize said premises from running into the street.

It is admitted that the structure under construction extends beyond the 16-foot building setback restriction.

The first question posed relates to the original object of the building setback restriction, which was included in the deeds of D. A. Michael, and which apply to all of the parties hereto. The parties essentially agree that the object of the restriction was to protect the light, air and view of the parties. This object was again reflected in the agreement of May 24, 1961, when the parties agreed to reduce the building setback restriction from 24 feet to 16 feet. The general rule is that the language of an agreement should be interpreted in the light of the apparent object or purpose of the parties and conditions existing when the agreement was made. See Murphy v. Ahlberg, 252 Pa. 267.

Defendant church now contends that the structure as planned does not, in fact, obstruct the view of plaintiffs, nor does it deprive them of light, air or uniformity. Plaintiffs argue to the contrary.

The law is clear that an easement to light and air may be established by agreement and that building setback restrictions are valid and enforceable. See LaRue v. Weiser, 378 Pa. 438. These restrictions, if reasonable, may be enforced in equity if the restrictions are of substantial value to any of the parties, and if relief is promptly sought: Landell v. Hamilton, 175 Pa. 327. See also McCloskey v. Kirk, 243 Pa. 319. See also J. C. Grille, Inc. Liquor License Case, 181 Pa. Superior 456. It is, of course, elementary that a court of equity will not enjoin a purely technical violation, but there must be substantial injury to one or more of the parties for equity to intervene. Willock v. Arensberg, 51 Pa. Superior Ct. 73.

It is also fundamental that where building setback restrictions are intended for the benefit of several adjoining landowners, each landowner has the right to

insist upon Compliance by the other for the mutual protection of all concerned. See Landell v. Hamilton, supra. In this case, it is apparent that plaintiffs and defendant church entered into the building setback restriction agreement in 1961, intending that it was to benefit all of the parties concerned. Therefore, it seems only fair and reasonable that plaintiffs should have the same standing to insist upon enforcement as if the parties were reversed.

Defendant church presents three basic arguments, the first being that the patio or structure in question is not a "building" within the meaning of the agreement of May 24, 1961. It is true that the definition of the word "building" in its legal sense is ambiguous and is capable of being construed to include many kinds of structures and edifices. The word "building" in its broad sense means any structure or fabric built or constructed and covering a space of land. See Black's Law Dictionary.

In attempting to locate a case involving the definition of a "building" in which the structure was similar to the one in question, we found a Massachusetts case in which the term "building" as used in a restriction covenant in a deed included a piazza about eight feet wide encircled by a railing and having a roof supported by posts: Reardon v. Murphy, 163 Mass. 501, 40 N. E. 854.

Therefore, we are constrained to conclude that the patio structure being constructed by defendant church is a building, or portion thereof, within the meaning and purview of the terms and conditions of the agreement executed by the parties hereto, dated May 24, 1961.

Secondly, defendant church contends that the view of plaintiffs is not, in fact, obstructed due to the nature of the design of the patio structure, because the same

does not include side panels along the side facing plaintiffs' premises.

However, the court in Ogontz Land & Improvement Co. v. Johnson, 168 Pa. 178, stated: "[W]hether a porch or piazza attached to a dwelling is a building or a constituent part of the dwelling depends on the manner of its construction, and the uses to which it is to be applied; but we do not think the fact of its being open or inclosed is a ruling factor. . . . The fact that it is open at the sides and in front will not save it from being an obstruction to light, air and uniformity of effect, and as such contrary to the restriction." This language was quoted with approval in the case of Law v. Weeter, 68 Pa. Superior Ct. 23.

It also appears from the testimony and photographic exhibits offered into evidence, that plaintiffs' view to the east along Fairview Avenue would be restricted and diminished by defendant's construction. Again it will be noted that "view" is a relative and rather ambiguous word when determining its effect on market value of the premises. However, there is no doubt that "view" is an increasingly substantial factor to be considered in computing value, whether a premises is located on Fairview Avenue in Berwick, Pa., or on a mountain or along the seashore. "View" is economically important, whether it is measured by what one sees, or by what one is not able to see.

Thus, we conclude in this case the diminution of view does depreciate the value of plaintiffs' properties.

The third argument advanced by defendant church is to the effect that the patio structure would add to the aesthetic value of the neighborhood, rather than do substantial harm to plaintiffs. However, we must reject this contention because, even if true, such becomes irrelevant in view of the otherwise substantial injury to plaintiffs.

In conclusion, it is most regrettable that the parties were unable to work out a satisfactory solution to this problem among themselves, but in view of their failure to reach agreement, we have no alternative but to make the following:

## CONCLUSIONS OF LAW

(1) Plaintiffs have suffered substantial harm to the enjoyment of their property and a diminution of value.

(2) Plaintiffs have no adequate remedy at law.

(3) The court of equity has jurisdiction.

(4) An injunction should issue restraining defendant church from further construction in violation of the written agreement executed by the parties on May 24, 1961.

## DECREE NISI

And now, May 4, 1973, it is ordered and decreed that defendant be, and is hereby, enjoined from further construction in violation of the agreement of May 24, 1961.

It is further ordered and decreed that plaintiffs be entitled to no punitive or monetary damages.

The prothonotary is directed to enter this decree as a decree nisi and to give notice thereto to the parties or their attorneys of record and to enter said decree as a final decree unless exceptions are filed within 20 days from such notice.