Ogontz Land & Improvement Co., Appellant, v. Amos Johnson.

*Deed—Building restriction—Porch.*

A porch built upon brick foundations, roofed, and permanently attached to the whole width of a front of a house, and projecting to within seven feet of the fence line, is an integral part of the building within the meaning of a building restriction in a deed, providing that " all buildings upon the said lots shall.be erected not less than fifteen feet back from the fence line."

Such a structure is a violation of the building restriction, notwithstanding the fact that it is open at the sides and in front.

Argued Feb. 4, ·1895. Appeal, No. 1, July T., 1894, by plaintiff, from decree of C. P. Montgomery Co., Oct. T., 1893, No. 7, dismissing bill in equity. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ. Reversed.

Bill in equity for an injunction to restrain the construction of a porch.

The bill averred that plaintiff on Sept. 16, 1893, by deed, conveyed to defendant a lot of land in Abington township, Montgomery county, Pa., under and subject to the restriction, " that all buildings upon the said lots shall be erected not less than fifteen feet back from the fence line ; " that defendant had erected and was erecting a building upon the said lot, contrary to said restriction and within seven feet of the fence line. The bill alleged irreparable injury and prayed for an injunction.

Defendant in his answer averred as follows :

" It is true that I had erected upon my said lot of land a building as averred in the fourth paragraph of said bill, but I deny that I have erected said building contrary to the agree-ment or restriction contained in my said deed as aforesaid

within seven feet of the fence line. Upon the contrary I aver that said lot of land has a front of thirty feet on a public street or road and a depth of 100 feet; that before the deed for said lot was delivered to me I commenced the erection of a two and a half story brick dwelling house thereon for the use of myself and family, which was almost completed at the time of the filing of the complainant's bill; that the front brick wall of said house is fifteen feet from the inner street or fence line in strict conformity with the reservation contained in my said deed; that I have built three brick foundation piers in front of my said house to support a frame porch which I propose to attach to the front thereof. I aver that the front line of said proposed porch (which is the foundation of complainant's bill), will be seven feet back from the said inner street or fence line, and that when built and completed will be an open uninclosed porch, which cannot in any way interfere with the adjoining lots of land or in any wise obstruct the view from houses which may be built thereon.

" I deny that the erection of said porch is in violation of the restriction contained in my said deed, or that it is unlawful as averred in paragraph fifth of complainant's bill. On the contrary I aver that such erection will not be in violation of any restriction whatever contained in my said deed, inasmuch as the wall of the dwelling house is not within fifteen feet of the fence or street line of said lot. I further aver that said porch is to be the ordinary uninclosed porch in front of my said house, such as is common in many places, and which cannot in any way affect the use and enjoyment of the owners of adjoining lots of land, and is not in any sense a building within the meaning of said restriction."

The case was heard on bill and answer.

The court, in an opinion by WEAND, P. J., dismissed the bill.

*Error assigned*, among others, was (5) in dismissing the bill.

*Edward F. Kane*, for appellant.—A covered porch, like the one in question, having no connection with any other building, would be an ordinary shed and therefore a building: Act of March 31, 1860, P. L. 415; Truesdell v. Gay, 13 Gray (Mass.),

312; Short v. Miller, 120 Pa. 476; Lightfoot v. Krug, 35 Pa. 348; Short v. Ames, 121 Pa. 530.

The porch in question having been built with and attached to the house proper, is part of the house and together they form a single structure or building.

The intention of the grantor, as expressed in the deed, was to prohibit the erection of buildings or any part thereof, within the prescribed limits, and any permanent structure, built within these limits, that will obstruct the view of adjoining owners, violates the conditions of the deed: Means v. Presbyterian Church, 3 W. & S. 312; Wright v. Evans, 2 Abb. Pr. N. S. 308.

*William F. Solly*, for appellee.—In whatever sense the term piazza is used it does not convey the meaning of a building: Tench v. Rothermel, 4 Kulp, 110.

It may be said that in whatever sense the term porch is used it does not convey the meaning of a building; and that in whatever sense the term building is used it does not convey the meaning of an ordinary open porch to be used only for comfort and convenience.

Where the meaning of an agreement is doubtful, its terms are to be considered in the light thrown on them by proved or admitted illustrative facts: Lacy v. Green, 84 Pa. 514; Meigs v. Lewis, 164 Pa. 597.

When the language making an exception or reservation in a deed is doubtful it should be construed more favorably to the grantee: Whitaker v. Brown, 46 Pa. 197; Richardson v. Clements, 89 Pa. 503; Trout v. McDonald, 83 Pa. 144.

OPINION BY MR. JUSTICE MITCHELL, May 20, 1895:

Both the bill and the answer are in very brief and general terms, and the facts in regard to the porch in controversy do not therefore appear with precision as to details. The answer however admits that the porch is to be a permanent part of the house, built upon brick foundations, and projecting to within seven feet of the fence line. Prima facie this is in violation of the building restriction. The terms of this are not in dispute. They are that "all buildings upon the said lots shall be erected not less than fifteen feet back from the fence line." The inten-

tion of this clause is plain. It is to widen the entire space between the house lines and secure the light, air, and open view incident to a wide street. The language is "all buildings," and that means all substantial parts of all buildings. While merely incidental encroachments on this space by steps, or eaves, or ornamental projections might not amount to violations of the agreement (see City of Phila. v. Presbyterian Board of Pub., 9 Phila. 499) yet a porch extending the whole width of the house as a substantial and integral part of it, is clearly so. If it can occupy eight feet of the reserved space, it could as well occupy the whole fifteen feet to the fence line, and thereby destroy the open uniform general effect meant to be secured.

We agree with the learned judge below that "whether a porch or piazza attached to a dwelling house is a building or a constituent part of the dwelling depends on the manner of its construction, and the uses to which it is to be applied," but we do not think the fact of its being open or inclosed is the ruling factor. It is one item of evidence only, and each case must depend on its own circumstances as shown by the whole evidence. As already said the details as to this porch do not precisely appear, but it is to be gathered from the answer and the arguments of both parties that it is an integral part of the house, built with it, on brick foundations, roofed, and permanently attached to the whole width of the front. The fact that it is open at the sides and in front will not save it from being an obstruction to light, air and uniformity of effect, and as such contrary to the restriction.

Decree reversed, bill reinstated, and injunction directed to be awarded, with costs.