## PORCHES COVERED BY BUILDING RESTRICTION.

Circuit Court of Cuyahoga County.

Rosa Haas v. Molly Strauss.

Decided, January 23, 1912.

*Building Restrictions—A Porch is a Part of a Building—Plaintiff Not Estopped from Enforcing Building Restriction Because of Trifling Violation of it by Herself and Neighbors.*

1. A porch, built upon a brick foundation, roofed and permanently attached to the whole width of the front of a house, is an integral part of the building within the meaning of a building restriction in a deed providing that all buildings shall be erected not less than a certain distance back from the line of the street.

2. The fact that plaintiff and other lot owners have violated the building restrictions in an allotment by building porches nearer to the street than is permitted by such restrictions, will not, where such violations are slight, estop her from enjoining the construction by her neighbor of a porch of a different type from those theretofore built and which would seriously obstruct her easement of light and view.

*S. N. Weitz,* for plaintiff.

*J. J. Sullivan* and *Sol. Edgert,* contra.

Niman, J.; Winch, J., and Marvin, J., concur.

It appears from the agreed statement of facts filed in this case, and the evidence, that the plaintiff is the owner of sub-lot No. 126 in Southern & Chamberlain's allotment in the city of Cleveland, which sub-lot has a frontage of fifty feet on the north side of Hawthorne avenue. The defendant is the owner of sub-lot No. 125 in the same allotment on the same side of Hawthorne avenue and adjacent to plaintiff's property on the east. That at the time Southern and Chamberlain allotted this property and sold lots therein, the following restriction was imposed upon all the lots:

"And as a further consideration of the following described property, no buildings are to be placed nearer to the street than twenty feet from the front of the lot line."

That the defendant, at the time this action was started, had under-way the construction of two buildings on her lot, the main portions of which were placed back from the lot line the distance required by said restriction, but the two porches of which, as originally planned, encroached upon the restricted portion of the lot; that these porches sought to be constructed by the defendant extended to a distance of about eight feet into the restricted space, so that the outside line of the porch piers and the porches proper would be eleven feet two inches from the inside lot line; that the porches which the defendant was about to construct were to be of brick, attached to a part of the building proper, each being twenty feet in width and eight feet in depth, and extending from four feet below grade through to the roof, the roof on the porch being an extension of the roof of the building, and the piers to said porches being two feet by two feet. It appears further that the porches of numerous other houses on the same side of the street encroach somewhat upon the restricted part of the lots; that the plaintiff's own porch stands about 89-100 of a foot over the restricted area.

Since the buildings proper are placed twenty feet from the lot line and in conformity to the restriction, it becomes necessary to determine whether or not the building of the porches upon the restricted space is a violation of the restriction. In *Ogontz Land & Improvement Co.* v. *Johnson,* 168 Pa. St., 178, this question was before the court, and it was there held:

"A porch built upon a brick foundation, roofed and permanently attached to the whole width of the front of a house and projecting to within seven feet of the fence line, is an integral part of the building within the meaning of a building restriction in a deed providing that all buildings upon said lots shall be erected not less than fifteen feet back from the fence line. Such a structure is a violation of the building restriction, notwithstanding the fact that it is open at the sides and front."

*Jones on the Law of Real Property and Conveyancing,* Volume 1, Section 760, states the law in this language:

"The piazza or porch is ordinarily a constituent part of the building, and is within the terms of a restriction which prohibits the placing of a building less than a certain number of feet from the line of a street."

In *Bader* v. *Walther et al,* 5 N.P.(N.S.), 497, the syllabus is as follows:

"1.   The word 'house' as used in a building restriction, means the building, and includes a porch which is an integral and substantial part of it.

"2.   An injunction will lie against the construction of a house by an adjoining property owner when the enjoyment of his neighbor's property is substantially affected thereby as to view, light and air, although his neighbor may have submitted to encroachments upon portions of the street remote from him and not affecting his enjoyment, in violation of a general restriction.

"3.   One buying land for the purpose of building a house upon it is held to have fully contemplated, not only the restrictions in his deed, but such surrounding conditions as were obvious and material."

It seems clear that the porches which the defendant was about to erect on her lot, as shown by the plans in evidence, were a substantial and integral part of the buildings, and that their erection as contemplated would constitute a violation of the restriction.   It remains, therefore, to be considered whether the restriction imposed upon the lots of the plaintiff and defendant and on the other lots in this allotment, has been broken to such an extent that the plaintiff is prevented from insisting on an observance of such restriction by defendant.

In *McGuire* v. *Caskey,* 62 O. S., 419, it was held:

"Where neighboring proprietors of urban lots are bound by covenant in a deed under which both held not to erect buildings within a prescribed distance from the street upon which the lots abut, either is entitled to an injunction to enforce the observance of the covenant by the other.

"That relief will not be denied to a plaintiff because he has erected a porch in front of his residence and within the prescribed distance from the street, when the purpose of the covenant is to secure and preserve the desirability of the street for private residence, and the porch does not substantially interfere with the easements of neighboring proprietors for light, air and view."

In *Brown* v. *Huber,* 80 O. S., 182, part 2 of the syllabus states the law in the following language:

"Where such covenant or restriction is still of substantial value to the dominant lot, notwithstanding the changed condition of the neighborhood in which said lot is situated, a court of equity will restrain its violation."

*Pomeroy's Equity Jurisprudence*, Third Edition, Volume 5, Section 280, contains this statement of the law:

"An injunction will not be granted if the plaintiff .has acted so as to make its issuance inequitable.  A person who seeks to enforce such a .covenant must permit no such breach of the stipulation as will frustrate all the benefit that would otherwise accrue to the other parties to the agreement.  One who stands by and acquiesces in repeated violations by the defendant and others, can not be heard to deny the right; and where a party has violated the restrictions in his own deed, he can not enjoin violations by others, even though the covenant violated by the plaintiff is entirely different from that disregarded by the defendant; but where the violations of the plaintiff are not substantial, and violations by other parties have been in places remote from plaintiff, an injunction will not be denied."

The encroachment of the plaintiff's own porch upon the restricted space is very slight.  The violations of the restriction by the other lot owners on the same side of the street, according to the evidence, are not such as to materially interfere with the enjoyment of the plaintiff's property, and do not offer any substantial obstruction to the easement of neighboring proprietors for light, air and view.  The most pronounced violation is that of the Wertheimer property, which is a distance of 295 feet from the property of the plaintiff, and does not, therefore, materially injure the plaintiff in the use and enjoyment of her property. None of the porches are more than one story in height.  The porches which the defendant desires to build are two stories in height, with large pillars and roofs, which, on the original plans, were an extension and a part of the main buildings and which, even according to the modified plans, are still of such a character that the porches, if completed, will seriously interfere with the plaintiff's view, and with her easement for light and air. The proposed violation of the restriction by the defendant is of a different kind than any that exists on any other portion of

that side of the street.   We think there is no such equity arising against the plaintiff from the fact that her house and the houses of others have been located and built in the manner described as to render it unjust for her to seek relief by injunction.   Her enjoyment of her property has not heretofore been substantially affected by the violations of the restrictions that have occurred on that side of the street.   The restriction is still of value to her and should be enforced, to the extent that the court deems equitable to both parties, unless she has been guilty of such laches in seeking relief as will now estop her from asking intervention of a court of equity.   We find that she has been guilty of no such laches.   The construction of the porches has proceeded only so far as putting in the foundations to the brick work and stone capping on the first story, and it appears that a portion of this work was done after the defendant was notified of the filing of this action.   The plaintiff acted with all reasonable dispatch in seeking relief, and is not estopped from maintaining her action.

. The enforcement of building restrictions in deeds is somewhat a matter of discretion with the courts (*Russel* v. *Harpel*, 20 C. C., 127), and in the exercise of this discretion, the plaintiff is granted an injunction enjoining the defendant from building the porches according to her present plans.

But the defendant will be permitted to build her porches in the position planned so far as the location within the restricted portion of the lot is concerned, to the height of one story, and will be permitted to place floors over the tops of these porches, but no roofs, and she will be required to use pillars of moderate size, and to leave the sides and fronts of the porches open, except as to the placing of railings around the floors of the porches.

A journal entry may be prepared and submitted to the court, together with plans for the porches as indicated, for the approval of the court, which plans will be made a part of the journal entry in the case.