## SEAWRIGHT *et al. v.* BLOUNT.

HILL, J. 1. Where it was sought by equitable petition to enjoin against the erection of a building within 25 feet of a certain street in a city, the plaintiff alleging that its erection would damage her property, and it appeared from the petition and evidence that there was a restriction in the deeds of the predecessors in title of both the plaintiff and the defendant, to the effect that no building could be erected within 25 feet of the street in question so as to obstruct the right of view along the street, it was not error on the hearing to receive testimony that the proposed building would damage the plaintiff's property $1,000, the witness also testifying that the property was worth $3,500 before the proposed erection, and would be worth only $2,500 if the building was erected as attempted by the defendant.

2. The bare fact that the municipal and county authorities had passed orders to improve the street upon which the plaintiff lived, at the solicitation of "a large number of citizens," who urged the opening of a driveway from West End to Grant Park, through Glenn Street and Georgia Avenue, without directly connecting the plaintiff with the petition in any way, or showing that such action would affect the restriction in the deeds, did not make such orders admissible. But their admission was not such error as to require a reversal of the judgment of the court below.

(a) Nor was the plaintiff estopped from asserting her rights under the clause in the deed containing the restriction merely because she saw material placed upon the premises with which to build, and the digging of a trench as a foundation within the restricted area, before any wall of the building was actually erected within it.

(b) The plaintiff will not be denied the equitable relief sought merely because she erected a porch and steps in front of her residence within less than 25 feet of the street, the main body of the residence being 28 feet distant from the street, where the purpose of the restriction was to secure the right of view for private residents, and where the evidence does not show that the porch and steps substantially interfere with the enjoyment of the plaintiff and neighboring proprietors of "the right of view, of 25 feet from the sidewalk," on the street named. McGuire *v.* McCaskey, 62 Ohio St. 419 (57 N. E. 53). See Jackson *v.* Stevenson, 156 Mass. 496 (31 N. E. 691, 32 Am. St. R. 476); Trustees of Columbia College *v.* Thacher, 87 N. Y. 311 (41 Am. R. 365); Amerman *v.* Deane, 132 N. Y. 355 (30 N. E. 741, 28 Am. St. R. 584); German *v.* Chapman, L. R. 7 Ch. Div. 270; Morrow *v.* Hasselman, 69 N. J. Eq. 612 (61 Atl. 369); Bacon *v.* Sandberg, 179 Mass. 396 (60 N. E. 936); Linzee *v.* Mizer, 101 Mass. 512, 531.

(c) The fact that the plaintiff and other residents of the street have erected verandas, porches, and steps within the building-line restriction, which have not materially interfered with or obstructed the right of view, is not sufficient, as a matter of law, to show an abandonment of the scheme of restriction, where it does not appear that there has been a general change in the street, or conditions surrounding it, rendering the restriction useless to the plaintiff and other residents. See note

to case of Brown *v.* Huber (Ohio), 28 L. R. A. (N. S.) 705, and cases cited on page 714.

(*d*) Nor is the fact that the main body of a few of the houses erected on the street is within the restricted distance, including a storehouse and church, and that residents did not enjoin against the erection of such buildings, sufficient, as matter of law, to. show an abandonment on their part of the restriction contained in the deeds.

3. There was no abuse of discretion in granting the interlocutory injunction.                    *Judgment affirmed. All the Justices concur.*
                              JANUARY 22, 1913.

Injunction. Before Judge Bell. Fulton superior court. October 2, 1911.

*Green, Tilson & McKinney,* for plaintiffs in error.

*E. M. & G. F. Mitchell,* contra.