(93 Misc. Rep. 326)

NORRIE v. UNITED STATES REALTY & IMPROVEMENT CO.

(Supreme Court, Special Term, New York County.   January 17, 1916.)

INJUNCTION ⊜136—PROTECTION PENDING LITIGATION—BREACH OF COVENANT
   —BUILDING LINE.
      Plaintiff was the owner in fee of a row of four-story houses, in one of
   which she resided, which were set back 7½ feet from the street line by
   reason of a restrictive covenant entered into by one from whom the
   plaintiff and defendant and other owners derived title.   The covenant
   had been observed by her, and by the owners of new buildings on that side
   of the street, and by nearly all of the owners on the other side, although
   the neighborhood had changed from a residential to a business section.
   Held that, upon defendant's commencement of the erection of a wall ex-
   tending its buildings 11½ feet toward the street, two or three numbers
   from plaintiff's property, she was entitled to an injunction pendente lite.

      [Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 305, 306;
   Dec. Dig. ⊜136.]

Action by Eloise L. Breese Norrie against the United States Realty
& Improvement Company.   Application for injunction pendente lite
granted.

Graves, Miles & Yawger, of New York City, for plaintiff.
Babbage & Sanders, of New York City (F. M. Sanders, of New
York City, of counsel), for defendant.

NEWBURGER, J.   Plaintiff is the owner in fee of four four-story
brownstone houses, known as Nos. 33, 35, 37, and 39 East Twenty-
Second street, in this city, and she resides in No. 35, and the defend-
ant is the owner of Nos. 41 and 45 East Twenty-Second street.   Plain-
tiff has lived in this locality for upwards of 25 years.   The houses on
the same side of the street have all had their southerly outside walls a
distance of 7½ feet from the northerly line of East Twenty-Second
street.   The reason the buildings were set back was because of a re-
strictive covenant entered into by Philip Karney, from whom plaintiff
and defendant and the other property owners derived title.   On the
23d day of December, 1915, defendant tore up the courtyard in front
of No. 45 East Twenty-Second street and began the erection of a
wall about 10 feet high, extending its premises a distance of 11½ feet
out.   While the neighborhood has changed from a residential to a
business section, nevertheless it appears that, although new buildings
devoted to business have been erected, there have been no encroach-
ments upon the 7½-foot restricted area on the northerly side of the
street, upon which are the houses owned by plaintiff and defendant,
except the corner building, which, it is claimed, is not included in the
restrictive agreement; that on the south side of said street, although
new buildings have been erected, all have carried out the restrictive
covenants with the exception of three buildings.   It will be noticed
that, while the neighborhood has changed, the owners on the north-
erly side and the majority on the southerly side of the street have

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

carried out the restrictive agreement.   In Rowland v. Miller, 139 N. Y. at page 103, 34 N. E. at page 767, 22 L. R. A. 182, it is said:

"But it is contended that the restriction agreement ought not in this case to be enforced, because most of the lots in the block between Forty-Second and Forty-Third streets and Madison avenue and Vanderbilt avenue are no longer occupied for residences, and are devoted to business purposes, and the counsel for the appellant cites as an authority on this point our decision in the case of Trustees of Columbia College v. Thacher [87 N. Y. 311, 47 Am. Rep. 365]. The principles of that case are not applicable to the facts of this.   There it appeared that the contract which the plaintiff sought to enforce was no longer of any value to it, and that its enforcement would result in great damage to the defendant, without any benefit to any one.   Here the plaintiff has the right to occupy her house as a residence, and in such occupation to have the protection of the restriction agreement.   She has never violated the agreement herself, or consented to or authorized or encouraged its violation by others.   In order to have the benefit of the agreement, she is not obliged to sue all its violators at once.   She may proceed against them seriatim, or she may take no notice of the violations of the agreement by business carried on remotely from her residence, and enforce it against a business specially offensive to her by its proximity."

See, also, Deeves v. Constable, 87 App. Div. 357, 84 N. Y. Supp. 592; Lattimer v. Livermore, 72 N. Y. 181.

In Batchelor v. Hinkle, 210 N. Y. 243, 104 N. E. 629, cited by defendant, the court said the defendant's property does not adjoin the plaintiff's property, and is 115 feet distant, and the building proposed did not interfere with plaintiff's view.   It furthermore appeared that all of the courtyards on the block had been removed and the space built upon.   In McClure v. Leaycraft, 183 N. Y. 36, 75 N. E. 961, 5 Ann. Cas. 45, the restrictive covenant was for 25 years, of which 19 had passed, and that stores and apartments had been erected in the neighborhood.

The plaintiff residing on the property, the restrictive covenant having been observed by the greater part of the owners in the block, the application for an injunction pendente lite is granted.   Settle order on notice.