Wallack Construction Company, Plaintiff, *v.* Smalwich Realty Corporation and United International Corporation, Defendants.

Supreme Court, New York Special Term, February, 1922.

Covenants — building restrictions — set-back agreement not affected by change in character of neighborhood — injunction pendente lite.

An agreement made in 1846 by the owners of lots fronting on a street contained a covenant running with the land for a set-back area of eight feet, " to remain unobstructed forever," except to the extent required for steps, verandas, platforms, pedestals, fences, etc. *Held*, that in an action by the owner of a building set back eight feet from the street line, to restrain the violation of the covenant by the owner of the premises immediately adjoining in improving its property with a new front projecting over the restricted area to the street line, the plaintiff will be granted an injunction *pendente lite* upon condition that it give a surety company undertaking within the time fixed by the order to be entered hereon.

The plaintiff is entitled to the protection of the covenant notwithstanding the character of the neighborhood has changed from a residential to a business one and another modern business building, covering the entire eight-foot space, has recently been erected on the block in question without objection on the part of plaintiff.

Motion for an injunction *pendente lite* to restrain the erection of a structure in violation of a set-back agreement.

*M. S. & I. S. Isaacs (Lewis M. Isaacs,* of counsel), for plaintiff.

*Bernhard Ginzburg (Samuel I. Frankenstein,* of counsel), for defendant Smalwich Realty Corporation.

*Isaac Reiss,* for defendant United International Corporation.

Giegerich, J. The plaintiff moves for an injunction *pendente lite* to restrain the defendants, the owner and tenant, respectively, of the premises immediately adjoining its premises to the east thereof on the north side of West Thirtieth street, between Fifth avenue and Broadway, in the borough of Manhattan, New York city, from erecting thereon, in alleged violation of an eight-foot set-back agreement, any building or structure whatever so as to occupy any part of such space. The plaintiff's property is improved with a large modern twelve-story loft building, set back eight feet from the street line, while the defendants' premises consist of two old private dwellings which they now plan to improve with a new front projected out over the restricted area to the street line. To the west of the plaintiff's premises, at the northwest corner of Broadway and Thirtieth street, the street is unrestricted and the building now adjoining on that side is carried out to the street line. The plaintiff claims that if the defendants' plans are

permitted to be put into execution and the restrictive covenant ignored its building will be effectively and completely boxed in from the street level to the height of the defendants' new structure. The set-back agreement was entered into in July, 1846, by the owners of the lots indicated on the diagram annexed to the complaint, and it provides, among other things, for a set-back area of eight feet, " to remain unobstructed forever," except to the extent required for the necessary steps for entrance, verandas and balconies, platforms and pedestals and iron fence and railings connected therewith and inclosing the same and the foundations and coping upon which the said iron fences and railings may be placed. It further provides that the covenant shall run with the land and " be equally obligatory upon the heirs of the respective parties hereto and upon all and every person or persons who shall hereafter become and be the owner or owners of the said lots of land respectively as upon the parties hereto respectively." The plaintiff claims that the restrictive agreement was intended to operate whatever the character of the street and looked forward to the time when it might cease to be a residence street and become a business street. The defendants, on the other hand, contend that such agreement was intended to apply only to the street while used for private dwellings and that the character of the neighborhood has so changed from a residential to a business one as to render the covenant obsolete and valueless. As I read the covenant I find no justification for the construction contended for by the defendants. It seems to me that, although the neighborhood appears to have almost totally changed in character, the protection of the covenant is no less necessary to the plaintiff than if the street had retained its residential character. As was said in *Zipp* v. *Barker*, 40 App. Div. 1, 6: " We might assume that originally the covenant had relation to the condition of the property at that time and that the coparceners had no thought of its coming change, but it is difficult to see why the maintenance of the easement is not more essential to the value of the plaintiff's property as business premises than it would be if it were used as a residence." It is claimed, however, by the defendants that the plaintiff itself has violated the restrictive agreement in that the lower part of the latter's building encroaches about six inches on the restricted area; that the two show windows on the ground floor, in the shape of bay windows and forming, as claimed, an integral part of the plaintiff's building, encroach about three feet; that it widened and extended its front wall by the attachment thereto of " pilasters " for a distance of about six inches over the restricted area, and that the roof cornice extends out a distance of about two and one-half

feet over such area. Assuming, without deciding, that the maintenance of the show windows is a breach of the restrictive covenant, it impresses me as altogether too unsubstantial to defeat the plaintiff's cause of action. This applies with still greater force to the other alleged violations by the plaintiff of the covenant in question. There must be such a material and substantial breach by the plaintiff of the restriction as will enable the court to say that it ought not to interfere in its behalf. *Bacon* v. *Sandberg*, 179 Mass. 396. See *Adams* v. *Howell*, 58 Misc. Rep. 435; *Leawright* v. *Blount*, 139 Ga. 323; *Howland* v. *Andrews*, 80 N. J. Eq. 276. Moreover, it would seem that the so-called encroachments are not necessarily prohibited by the terms of the restrictive covenant, which provides that the restricted area may be appropriated to the extent required by steps, verandas, platforms, pedestals, fences, etc. The defendants further claim that another modern business building was recently erected on the block in question which covers the entire eight-foot space without objection by the plaintiff. The plaintiff insists that there has been in fact no violation of the restrictive covenant prior to that attempted by the defendants; that the premises known as No. 5 West Thirtieth street, to which the defendants point in support of their contention, are in fact built upon lot No. 45 on the diagram annexed to the complaint, and, as appears therefrom, while that lot is included in the set-back agreement, no part of it, or at most only a very small fraction of one corner of it, is included in the restrictive area itself, and, furthermore, that the building is located at the end of the restricted area furthest from the plaintiff, and hence it is not directly damaged by the structure. As pointed out in *Rowland* v. *Miller*, 139 N. Y. 93, 103, cited by this court in *Bouvier* v. *Segardi*, 112 Misc. Rep. 689, 710: " In order to have the benefit of the agreement she [the plaintiff] is not obligated to sue all its violators at once. She may proceed against them *seriatim*, or she may take no notice of violations of the agreement by business carried on remotely from her residence, and enforce it against a business specially offensive to her by its proximity." See, to the same effect, *Norrie* v. *U. S. Realty & Improvement Co.*, 93 Misc. Rep. 326. It is plain from the papers that the plaintiff's property would be seriously and irreparably damaged by the completion of the defendants' plans, and I am of the opinion that, in view of the circumstances of the case, it would not be equitable to deny to the plaintiff the injunctive relief sought. *Batchelor* v. *Hinkle*, 210 N. Y. 243; *Bull* v. *Burton*, 227 id. 101; *Bouvier* v. *Segardi*, *supra*. This motion for an injunction *pendente lite* is, therefore, granted, with ten dollars costs, upon condition that the plaintiff

within a time to be fixed in the order to be entered hereon give a surety company undertaking in such form and sum as shall be determined upon the settlement of the order and upon such further conditions as may be specified in the order for expediting the trial of the issues. Settle order accordingly on notice.

Ordered accordingly.