## Barker et ux. v. Hillgrove.

*Injunction—Building-lines and restrictions—Plan of lots—Porches—Material, arrangement and structure—Uses and purposes—Damage.*

A bill to restrain defendant from further proceeding with the erection of an enclosed porch, the bill alleging violation of a building restriction which provided "No building or part thereof, except porches, steps and other similar parts of such building, shall be erected on the lot hereby conveyed nearer to any of the streets or avenues than the building-line marked on the above-mentioned plan," was dismissed where it appeared that the enclosed porch was built of the same material as the house, with casement windows and cellar underneath and was being equipped for heating so that it might be used as a living-room.

Bill for injunction. C. P. Allegheny Co., April T., 1922, No. 1189, in Equity.

*John McKelvie* and *Elmer L. Kidney*, for plaintiffs.

*Wishart & Dickie*, for defendant.

CARNAHAN, J., March 9, 1922.—The plaintiffs and defendant are owners of adjoining lots in a borough. These lots were sold and conveyed to them, respectively, as lots in a certain plan, on which is marked a building-line twenty-five feet from the line of the street or avenue upon which they abut. The line applies to all lots in the plan on the northeasterly side of the avenue. And in all of the deeds for these lots is a restriction that "No building or part thereof, except porches, steps and other similar parts of such building, shall be erected on the lot hereby conveyed nearer to any of the streets or avenues than the building-line marked on the above mentioned plan."

The plaintiffs complain that the defendant is erecting a dwelling-house in violation of this restriction, and they ask that she be enjoined from further proceeding in such respect.

From the pleadings and evidence these facts are found:

### Findings of fact.

1. The plaintiffs are the owners of lot No. 116 in the plan of the Alpha Improvement Company, called Bailey Field, of record in the Recorder's Office of Allegheny County, Pennsylvania, in Plan Book vol. 28, page 119, said lot having a frontage of thirty-five feet on the northeasterly side of Tolma Ave-

nue, Borough of Dormont, County of Allegheny aforesaid, and a depth of 110 feet, with the same width throughout. A two-story brick dwelling is on this lot.

2. The defendant is the owner of lot No. 115 in said plan, which adjoins the plaintiffs' lot and has the same frontage and area. A two-story dwelling is now in course of construction on this lot.

3. On the plan referred to is a building-line extending across all of the lots on the northeasterly side of Tolma Avenue and distant from said avenue twenty-five feet.

4. In the respective deeds for lots Nos. 116 and 115, and in all of the deeds for lots through which this building-line runs, is the following restrictive provision:

"No building or part thereof, except porches, steps and other similar parts of such building, shall be erected on the lot hereby conveyed nearer to any of the streets or avenues than the building-line marked on the above mentioned plan, nor shall any frame building be constructed thereon, nor shall any building, except one to be used as a dwelling-house, with its necessary out-buildings, be erected on said lot, and the said dwelling-house shall cost not less than Forty-five Hundred ($4500.00) Dollars. The foregoing covenants and restrictions shall run with the land hereinbefore described until the first day of January, 1941, but shall then cease and determine."

5. The walls of the house in course of construction on defendant's lot are of brick veneer. The front wall of the house proper is on the building-line. In front of this wall and towards Tolma Avenue is a partly-built structure extending nine feet beyond the building-line and across the front of the house about thirteen feet. The structure, according to the plans, will be enclosed, as hereinafter described. At the farther side, away from plaintiffs' lot, is an open entrance porch extending to the front door of the building, and from which is an entranceway into the enclosed structure, which structure is connected with the living-room of the house by an entranceway with double French doors.

6. The floor of the enclosed structure is of reinforced concrete. It is ten inches below the level of the living-room floor, or the first floor of the building proper, and extends beyond the enclosure to the far side of the entrance porch. The entrance porch is nine feet square, and the floor, which is of reinforced concrete and level with the floors of the enclosed structure, is ten inches below the sill of the front door. Four concrete steps lead up to it, and the enclosure and entrance porch are covered by the same roof, the top of which is about at the level of the second floor of the building proper. The ceiling of both structures is lined with yellow pine.

7. The structure complained of (referred to in these findings as the "enclosed structure," for the purpose merely of identification) is erected upon a concrete block foundation. Resting upon this foundation are walls or balustrades of brick veneer, in front and on the two sides, extending two and one-half feet above the foundation and two feet and two inches above the floor. The brick work of these walls is joined or dovetailed into the brick veneer walls of the main building, and on the two front ends or corners are pillars of brick veneer about ten feet in height. On top of these three low brick walls are casement windows, opening inside. In front are five such windows, occupying all of the spaces between the pillars; on the side toward plaintiffs' lot are four such windows, occupying all of the space between the pillar and the front wall of the house proper, and on the side away from plaintiffs' property is a partition, in which is a glass door, connecting the entrance

2 D. & C.

porch with the enclosed structure. On each side of said door is a casement window. Underneath the porch is space which may be used for cellar purposes. It is ten inches less in height than the cellar proper and is connected with the cellar proper.

8. The plan calls for heating apparatus in the enclosed structure. It is defendant's intention to use it for heating purposes at such time in the future as she may deem convenient and advisable. It is not her intention to connect it with any heat supply at present.

9. The grade of Tolma Avenue is about 11 per cent. It is a hill street, and the abutting properties are more or less naturally conformed to this grade. The defendant's lot is higher than that of plaintiffs'. The grade of the street is an ascending grade towards defendant's lot from plaintiffs' lot.

10. The plaintiffs' house has six rooms and a bath. The first floor is three feet and six inches back of the building-line. The second floor is on the line. The porch is ten feet wide. The defendant's enclosed structure extends out about two and one-half feet beyond plaintiffs' porch.

11. After this bill had been filed, some changes were made in the enclosure and on the entrance porch. The floors were placed on the same level and provision was made for a door in the partition between the entrance porch and the enclosure. The plans called for this door. Apparently, a change had been made which eliminated it. Now it is reinstated.

### Brief discussion.

The plaintiffs claim that this enclosed structure is really a part of the building itself, and is, therefore, in violation of the building restriction; that it is not a porch, but one of the rooms of the house, enclosed as a room, to be heated as a room and used as a room; that it has a cellar under it which is really a part of the cellar under the main building, thereby indicating, to some extent at least, that it is to be used just as the rooms and cellar of the main building are to be used; that it is as conveniently and fully connected with the rooms of the house as are the other rooms with each other, and is meant to serve the same purpose as the other rooms. In a word, it is claimed that it is not a porch, nor does it so resemble a porch as to bring it within the exception to the restriction, namely, "porches, steps and other similar parts of such building." Furthermore, they say that defendant has a porch entirely separate from this structure.

The plaintiffs say that their property is damaged, that their view is obstructed, and that they are deprived of light and air. They, therefore, want the structure removed. In their bill they make no mention of light and air.

The defendant could have provided for a wooden porch with wooden framework around it. She could have built it the full width or front of the house and could have enclosed the whole of it. It would still have been a porch. The fact of enclosure would be "one item of evidence only," . . . not the "ruling factor:" Ogontz Land Co. *v.* Johnson, 168 Pa. 178; Willock *v.* Aronsberg, 51 Pa. Superior Ct. 73.

If the defendant's purpose is to use this enclosure solely or mainly as a room, and, therefore, as part of the house proper, the plaintiffs are probably correct in their contention, although the damage or inconvenience to them would be precisely the same were it an enclosed wooden porch. But it is not unusual to enclose porches in winter and have them open in the spring, summer and autumn. When enclosed, there can be no fair objection to heating them. They can be made to serve at least some of the purposes of a living-

room of a house and at the same time protect the rooms of the house against cold weather. It sometimes happens that a dwelling cannot be kept warm or comfortable in cold weather in any way other than this; but the porch is still a porch, and its main purpose is that of a porch. Such is the situation here. The open porch is simply an entrance porch. The enclosed structure is much more than that.

A porch has been defined as follows: "A word applied to a shelter in front of a door, and capable of being used as a general term, including a shelter with enclosed sides, as well as one with pillars:" 31 Cyc., 916.

In Ogontz Land Co. *v.* Johnson, 168 Pa. 178, Mr. Justice Mitchell says: "Whether a porch or piazza attached to a dwelling is a building or a constituent part of the dwelling depends on the manner of its construction and the uses to which it is to be applied, but we do not think the fact of its being open or enclosed is the ruling factor. It is one item of evidence only, and each case must depend on its circumstances as shown by the whole evidence."

There is nothing in the construction or material of this enclosure from which it can fairly be claimed that it is not a porch, nor is there anything in the purposed use of it from which such claim can be fairly made. The fact that the walls and pillars are of the same kind of brick as are the walls of the house does not seem to be of special significance.

The plaintiffs are not damaged because of the fact that this structure extends farther out towards the avenue than theirs. There is no limitation in the restrictive provision as to the width of porches. If there is any damage to plaintiffs, it is the same that would result were the defendant to substitute a wooden porch and enclose the side towards them; and her right so to do could not be successfully disputed. They are not damaged at all.

### Conclusions of law.

1. The enclosed structure is a porch and is not in violation of the restrictive provision referred to.

2. The plaintiffs will suffer no substantial injury thereby.

3. The bill should be dismissed at the cost of the plaintiffs.

From Edwin L. Mattern, Pittsburgh, Pa.