WALLACK CONSTRUCTION COMPANY, Respondent, *v.* SMALWICH REALTY CORPORATION and UNITED INTERNATIONAL CORPORATION, Appellants.

First Department, May 5, 1922.

**Deeds — setback agreement executed in 1846 requiring buildings to be setback eight feet from street line — subsequent change of street from residential to business — setback agreement will not be enforced in equity — relief at law only — plaintiff having violated agreement cannot claim equitable relief.**

A setback agreement, executed in 1846 by the owners of certain lots situated on the north side of Thirtieth street between Broadway and Fifth avenue in New York city, requiring buildings to be set back eight feet from the street line, in which the intention was not primarily to fix the building line but to add to the attractiveness of the premises for residential purposes, will not be enforced in equity after the neighborhood has so changed that the street upon which the property is situated is mainly devoted to business purposes rather than to residences, but the plaintiff will be left to its action at law to recover damages for any injuries which it may have sustained.

Furthermore, the plaintiff, having itself violated the restrictive covenant by erecting a show window on the front of its building which extends into the restrictive area for a space of three feet, is not in a position to claim relief against the defendant in a court of equity.

APPEAL by the defendants, Smalwich Realty Corporation and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on or about the 25th day of February, 1922, granting a temporary injunction restraining the defendants during the pendency of the action from building within eight feet of the street line on certain premises on Thirtieth street, New York city.

*Samuel I. Frankenstein* of counsel [*Bernhard Ginzburg*, attorney for Smalwich Realty Corporation; *Isaac Reiss*, attorney for United International Corporation], for the appellants.

*Lewis M. Isaacs* of counsel [*M. S. & I. S. Isaacs*, attorneys], for the respondent.

SMITH, J.:

The question here involved is as to the effect of a certain so-called setback agreement executed in 1846 by the then owners of certain lots situated on the north side of Thirtieth street between Broadway and Fifth avenue in the city of New York. It was provided in this agreement that the same should be binding upon all subsequent owners of said lots. The setback agreement required the buildings upon said lots to set back from the street line to the extent of eight feet. The trial court has granted a temporary

injunction restraining the defendants from proceeding to build within eight feet of the street line, and it is from the order granting this temporary injunction that the defendants are here appealing.

It seems now to be settled law within this State that many of these restrictive covenants will not be enforced in equity where the neighborhood has changed so that the street upon which the property is situated is mainly devoted to business purposes, rather than to residential building. It can hardly be seriously questioned that the neighborhood in question comes within the class of cases where courts of equity will not enforce restrictive covenants which are applicable and beneficial to residential property with little or no value where the property is devoted to business purposes. The trial court (118 Misc. Rep. 106) relied upon the authority of *Zipp* v. *Barker* (40 App. Div. 1), which was affirmed by the Court of Appeals without opinion (166 N. Y. 621). In that case there is an expression in the opinion that a setback covenant is just as valuable for a business as for a residential neighborhood, and the opinion further says: " Indeed, we are of the opinion that the value of the easement in the court yard strip, *under the particular facts of this case* [Italics mine], is greater for business than for residential purposes. We might assume that originally the covenant had relation to the condition of the property at that time and that the coparceners had no thought of its coming change; but it is difficult to see why the maintenance of the easement is not more essential to the value of the plaintiff's property as business premises than it would be if it were used as a residence." The facts in that case are substantially different from those here presented. The building in question was upon a corner lot. The authority of that case has been largely impaired by the case of *Batchelor* v. *Hinkle* (210 N. Y. 243) in which the facts in the case of *Zipp* v. *Barker* (*supra*) were distinguished, and the court says: " In *Zipp* v. *Barker* the intention was to provide for open spaces between the buildings erected on the property conveyed and the lines of the street, and to establish uniformity in the location of building lines, which the court said, ' is just as valuable for a business as for a residential neighborhood.' But in the case under consideration the intention was not primarily to fix a building line, but to make the block attractive and desirable as a place of residence, a purpose which has been defeated by a radical change in the character of the neighborhood." In the *Batchelor* case there was also involved the effect of a setback agreement.

That the purpose of this restrictive covenant was to add to the attractiveness of the premises for residential purposes seems to me clearly to appear from the exceptions stated in this setback agree-

ment, which excepts therefrom " the necessary steps for entrance, verandahs and balconies, platforms and pedestals and iron fence railings connected therewith and enclosing the same and the foundations and copings upon which said fences and railings may be placed." Upon the record here it seems to me clearly established that to enforce this restrictive covenant would largely impair the value of the premises upon this street for business purposes. It is true that the plaintiff has built a twelve-story loft building within this restricted area with substantially a setback of eight feet, but to uphold this injunction would be in effect to prohibit the use of any of this area for business buildings which extended to the street line, so that not only are the interests of the defendants in this particular action to be considered, but the interests of all other parties owning property within this area, most of whom are willing and anxious that this restrictive covenant be held under present conditions to be inoperative as against the construction of business buildings.

In the case of *Schefer* v. *Ball* (53 Misc. Rep. 448) it was held in respect of one of these setback agreements: " The change in the character of the neighborhood from a residential to a business locality since the instrument was originally signed would be a sufficient reason for refusing an injunction to enforce the covenant." That case was affirmed in this court (120 App. Div. 880) and further affirmed in the Court of Appeals (192 N. Y. 589) and the case was decided after the decision in the case of *Zipp* v. *Barker* (*supra*).

In my judgment, therefore, with the change of the character of the neighborhood from residential to business purposes, equity will not enforce the restrictive covenant, but will leave the plaintiff to its action at law to recover damages for any injury which the plaintiff claims to have sustained. (*Trustees of Columbia College* v. *Thacher*, 87 N. Y. 311.)

The court is further of the opinion that the plaintiff does not come into court with clean hands, having itself violated, to an extent, the restrictive covenant by having placed upon the front of its building a show window which extends into the restricted area for the space of three feet. This has been held by the trial court not sufficiently substantial to justify a denial of relief to the plaintiff upon this ground. If the restriction is good, however, for the eight feet back from the street line, the plaintiff was not justified in placing this show window for three feet upon this restricted area by reason of any exceptions in the covenant itself. Not having adhered strictly to the requirement of the covenant, it does not lie with the plaintiff to ask the relief of a court of equity to restrain other lot owners from encroaching upon that area, even to the extent of the eight feet covered by the setback agreement.

The order appealed from, therefore, should be reversed, with ten dollars costs and disbursements, and the motion for a temporary injunction should be denied.

CLARKE, P. J., DOWLING, PAGE and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied.