# APRIL TERM, 1922.*

---

KOFFMAN *v.* SCHREIBER.

COVENANTS—DEEDS—BUILDING RESTRICTION AS TO PRINCIPAL BUILD-. ING NOT APPLICABLE TO PORCH.

> The wording of the restriction in a deed that "No principal building shall be erected within 20 feet of the front line of said premises," construed, and *held*, not to apply to open porches.

Appeal from Wayne; Webster (Clyde I.), J. Submitted May 2, 1922, (Docket No. 92.) Decided June 5, 1922.

Bill by Hyman M. Koffman against Mooney Schreiber to enjoin the violation of certain building restrictions. From a decree for plaintiff, defendant appeals. Affirmed.

*S. Homer Ferguson,* for plaintiff.

*Sloman & Sigler,* for defendant.

WIEST, J. Plaintiff owns plat lot No. 69 on the south side of Hancock avenue and east of Hastings street in the city of Detroit, and defendant owns lots 67 and 68 adjoining plaintiff's land at the west and carrying defendant's ownership to the southeast corner of Hancock avenue and Hastings street. The lots on both sides of Hancock avenue, for 352 feet east of Hastings street, disclose in the chain of title of each lot deeds containing the following restriction:

"No principal building shall be erected within twenty (20) feet of the front line of said premises."

---

The question as to what part of structure must be beyond the line to constitute a violation of a building restriction, see note in 52 L. R. A. (N. S.) 1044.

*Continued from Vol. 218.

Defendant at the time he purchased his lots knew of this restriction. On plaintiff's lot is a substantial brick residence, with the front house line in accord with the restriction, but with an open porch, the lower portion of which is constructed of brick and stone with wood pillars and roof extending across the entire front. The distance measured from the front face of plaintiff's brick porch to the front line of his lot is thirteen feet one inch. The other houses in the same block are also built with open porches within the restricted area. Defendant at the time the bill was filed was starting to erect a block of ten stores and a moving picture theatre upon his property fronting on Hastings street and up to the north line of his lots on Hancock avenue. This bill was filed to enjoin defendant from erecting any building within the restricted area.

Defendant claims plaintiff is estopped from invoking the restriction, and that the restriction has been abandoned and is no longer in force by reason of plaintiff and others building porches within the restricted area.

The issue is well stated in the agreed statement of facts as follows:

"If the building which the defendant contemplates erecting upon said corner premises is permitted to be built to the northerly lot line of said lots sixty-seven (67) and sixty-eight (68), the same would cut off the view from plaintiff's veranda, west on Hancock avenue, and would damage plaintiff's property as a residence to such an extent that he would be entitled to an injunction of this court if he has not been estopped from asserting the right to enforce such restriction and if such restriction is still a valid, enforceable restriction upon said defendant's property."

Does the porch of plaintiff's house, as well as the other porches within the restricted area, estop plaintiff from having defendant enjoined from constructing

any building within such area? The answer to this depends upon the terms of the restriction and whether the same has been lifted by failure of plaintiff and others to observe its terms in their own cases.

Defendant insists that a porch, like that in front of plaintiff's house, is, in construing a restriction, to be considered an integral part of the building and, among other cases in support of this claim, he cites *Ogontz Land & Improvement Co.* v. *Johnson,* 168 Pa. 178 (31 Atl. 1008) ; *Alderson* v. *Cutting,* 163 Cal. 503 (126 Pac. 157, Ann. Cas. 1914A, 1) ; *Reardon* v. *Murphy,* 163 Mass. 501 (40 N. E. 854) ; *McDonald* v. *Spang,* 105 N. Y. Supp. 617. The authorities, however, are not in accord upon this question. See *Hawes* v. *Favor,* 161 Ill. 440 (43 N. E. 1076) ; *Seawright* v. *Blount,* 139 Ga. 323 (77 S. E. 152) ; *Graham* v. *Hite,* 93 Ky. 474 (20 S. W. 506) ; *McGuire* v. *Caskey,* 62 Ohio St. 419 (57 N. E. 53).

We do not consider it necessary to decide this question for in the last analysis each case must turn upon the meaning of the particular restriction under consideration.

It has been held that:

"The two objects of a building line restriction are to secure unobstructed light, air and vision for the lots for whose benefit the restriction is created, and to secure uniformity in the location of buildings with respect to the street line for the accomplishment of that object." *Loomis* v. *Collins,* 272 Ill. 221 (111 N. E. 999).

If open porches must toe the restriction line then no two houses would probably be in line, for porches differ in width, but under the practical construction given the restriction by the builders of houses within the district the buildings are on a line.

Counsel for defendant urge that the word "principal," in the sentence "No principal building shall be erected within twenty feet of the front lot line of

said premises," is mere surplusage and should be ignored.

We are of opinion that the word "principal" was used advisedly to bring the principal buildings on a line and permit open porches in front thereof.

In the circuit court a decree was granted enjoining the defendant from erecting or constructing any building within the restricted area.

The decree is affirmed, with costs to plaintiff.

FELLOWS, C. J., and McDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred. BIRD, J., did not sit.