WILLIAM L. WALTER et al., Plaintiffs, *v.* CITY OF NEW YORK et al., Defendants.

Supreme Court, Special Term, New York County, October 26, 1948.

*John P. McGrath, Corporation Counsel* (*Morris W. Weiner* and *Aaron Arnold* of counsel), for defendants.

*Albert W. Fribourg* and *Louis M. Fribourg* for plaintiffs.

WALTER, J.   Plaintiffs own a multiple dwelling the penthouse of which was designed for occupancy by maids of tenants of

other apartments in the building, and the certificate of occupancy for which authorized use for that purpose only. At an unspecified later date, apparently before plaintiffs acquired ownership of the building, the penthouse became and is occupied by rent-paying tenants. Whether that change arose from structural changes in the penthouse or merely from a change of occupants does not appear.

Defendant commissioner of housing and buildings of the city of New York has notified plaintiffs that such use is a violation of the Multiple Dwelling Law and has required that steps be taken to legalize the change or that the use be changed back to the one use authorized by the certificate of occupancy. He also has instituted in the Magistrate's Court of the City of New York a proceeding to punish plaintiffs for their failure to comply with such notice.

Plaintiffs allege that the notice cannot be complied with and the present use cannot be legalized without removing (evicting) at least one of the present occupants. Under Local Law No. 66 enacted by the council of the city of New York, effective September 17, 1947, inserting section U41–7.0 in the Administrative Code of the City of New York (validated by L. 1948, ch. 4), plaintiffs cannot bring a proceeding to evict such occupant without first obtaining a certificate from the temporary city housing rent commission, and although they have applied to that commission for such a certificate their application has not been granted.

Plaintiffs urge that they are confronted by a legal dilemma in that they are being criminally prosecuted for not complying with the Multiple Dwelling Law and yet are prevented from complying with it by Local Law No. 66; and they bring this action to obtain (1) a declaration that so long as they are so prevented from complying they are exempt from penalties for not complying, and (2) a direction to defendant commissioner to withdraw the proceeding now pending in the Magistrate's Court and to take no further action with respect to the violation of the Multiple Dwelling Law.

Defendants move for judgment on the pleadings.

Plaintiffs' situation is indeed a hard one, but it cannot be overlooked that it arises from a violation of law by them or by their predecessors in title, viz., a use of the property in a way not authorized by law, and at least so far as appears that unauthorized use was begun voluntarily and not because of any compulsion. There is nothing to suggest that such use, although

technically illegal, is actually a menace to life or health, and it would seem that in the exercise of a sound discretion, which he undoubtedly possesses, the defendant commissioner might forego prosecution until the dilemma which confronts plaintiffs is ended. But the court cannot direct him to do so, and neither can it direct the Magistrate to acquit plaintiffs or withhold punishment.

*Realty Revenue Corp.* v. *Wilson* (181 Misc. 802) cited by plaintiffs, is not pertinent because there the dilemma was caused by a conflict between a Federal law and State law and the United States Constitution made the former controlling, whereas here the dilemma is caused by two State laws which have equal authority.

The impact of Local Law No. 66 upon the already existing violation of the Multiple Dwelling Law does not bring about an unconstitutional deprivation of plaintiffs' rights.

Defendants' motion for judgment on the pleadings is accordingly granted.