BROADWAY-SHERIDAN ARMS, INC., Plaintiff, *v.* CITY OF NEW YORK et al., Defendants.

Supreme Court, Special Term, New York County, March 28, 1949.

*Alfred J. Conforti* for plaintiff.

*John P. McGrath, Corporation Counsel* (*Morris W. Weiner* and *Saul Moskoff* of counsel), for City of New York and others, defendants.

*Harold S. Budner* for Schuyler Phillips and others, defendants.

HAMMER, J. This is a motion pursuant to section 877 of the Civil Practice Act for an order granting a preliminary injunction against the defendants Agnes Nulty, Schuyler Phillips, Lola Phillips and Sophie Barrett, enjoining them from making any further alterations in violation of law and from continuing to rent the rooms upon their becoming vacant for single-room occupancy, and against the defendants the City of New York, William O'Dwyer, as Mayor, Bernard J. Gillroy, as commissioner of housing and buildings, from proceeding with the prosecution of the plaintiff in the courts with respect to single-room violation of the Multiple Dwelling Law. The premises involved is a Class A multiple dwelling, originally certified for occupancy in 1909 for seven apartments of fifty-two rooms on each story from the second to the tenth floor and five apartments of twenty-seven rooms on the first floor, a total of sixty-eight apartments. Some time prior to April 28, 1941, the occupancy of the building was changed, without official approval, to single-room occupancy, and without compliance with section 248 of the Multiple Dwelling Law requiring certain safeguards such as sprinkler systems, adequate means of egress, etc. On April 28, 1941, the department of housing and buildings filed a violation against the premises.

On June 14, 1941, David Ancowitz, president of plaintiff corporation herein, purchased the entire stock of the corporate owner in fee of the premises, with full and admitted knowledge of the violations against the premises. On December 31, 1941, the plaintiff corporation herein acquired title to the premises, admittedly with full knowledge of the illegal single-room occupancy. The individual tenants, named as defendants herein, were in possession of various apartments for many years prior to April 28, 1941, and had subrented the several rooms in said apartments, for single-room occupancy, with the prior and present owner's knowledge. It appears that plaintiff and all parties concerned knew that the use of the premises was in violation of the law. Plaintiff had twice previously been convicted in the Magistrate's Court of illegal occupancy of the building and is itself operating a portion thereof in violation of the

Multiple Dwelling Law. Plaintiff has attempted to oust the tenants from possession in summary proceedings in an effort to comply with the requirements of single-room occupancy. Application by plaintiff to the city rent commission for a certificate of eviction eventually resulted in the commission issuing a certificate for the eviction of the prime tenants but not for the removal of the roomers or subtenants. Thereafter plaintiff commenced summary proceedings in the Municipal Court for the eviction of the prime tenants. Its petition was dismissed. (*Broadway-Sheridan Arms* v. *Phillips,* 194 Misc. 35.) On appeal to the Appellate Term the order of dismissal was affirmed, without opinion. (194 Misc. 34.) Leave to appeal was denied by the Appellate Term and motion in the Appellate Division for leave to appeal is pending.

The facts as alleged herein reveal that the plaintiff knew of the condition of the premises and the existing violations thereon at the time it acquired the premises and thereafter entered into leases with the individual prime tenants. The relief sought by this motion will not be granted under the circumstances. (*Walter* v. *City of New York,* 193 Misc. 103; *Wallack Constr. Co.* v. *Smalwich Realty Corp.,* 201 App. Div. 133; *Weiss* v. *Herlihy,* 23 App. Div. 608, 614). Furthermore, equity will not enjoin the enforcement of the criminal law, and prohibition is granted only upon a showing of a clear legal right to such relief (*Davis* v. *American Society,* 75 N. Y. 362; *Delaney* v. *Flood,* 183 N. Y. 323; *Reed* v. *Littleton,* 275 N. Y. 150; *People ex rel. Bennett* v. *Laman,* 277 N. Y. 368; *Walter* v. *City of New York,* 193 Misc. 103, *supra*). If plaintiff is advised that the disposition in the Magistrates' Court of the matter there pending on complaint of the city department for violation of section 248 of the Multiple Dwelling Law is erroneous, the regular and appropriate remedy is by appeal.

Perhaps the city department might exercise some remedial action to remove the cause of violation instead of continually persecuting the owner-landlord, who appears to be without legal means to cure same unaided by public authority. The prime tenants are participating with profit in the acts for which the owner-landlord is being persecuted. In equity that cannot be tolerated. The branch of the motion which seeks to enjoin rerenting vacant apartments for the alleged illegal use, is accordingly granted and said tenants enjoined *pendente lite*. Bond will be fixed on signing of order. The motion in all other respects is denied.

Settle order.